**IN THE COURT OF APPEALS OF IOWA**

No. 21-0393
Filed June 30, 2021

**IN THE INTEREST OF Z.M.,**
**Minor Child,**

**C.M., Father,**
      Appellant,

**K.H., Mother,**
      Appellant.

_____

Appeal from the Iowa District Court for Scott County, Korie Talkington, District Associate Judge.

A father and mother separately appeal the termination of their parental rights. **AFFIRMED ON BOTH APPEALS.**

Joshua T. Cobie of Brubaker, Flynn & Darland, P.C., Davenport, for appellant father.

Timothy J. Tupper of Tupper Law Firm, Davenport, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Angela Fritz-Reyes, Davenport, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**VAITHESWARAN, Presiding Judge.**

A child was born in 2019 with marijuana in his system. In addition, the child's mother admitted to using methamphetamine throughout the pregnancy. At the time of the child's birth, the mother's two older children had been removed from her custody.

The child initially stayed with his father. Both parents agreed to a safety plan proffered by the department of human services, but they did not agree to participate in reunification services.

In time, the State filed a child-in-need-of-assistance petition. The parents stipulated to adjudication of the child as a child in need of assistance, and the district court formally placed him in the father's custody, subject to departmental supervision.

Shortly thereafter, the department discovered the child was inappropriately left in the mother's care and both were in the home of a known drug dealer. Around the same time, the father was arrested for possession of methamphetamine. The department placed the child with his paternal grandmother and another relative but later transferred him to other homes. The proceedings culminated in termination of parental rights. Both parents appealed.

## I. *Best Interests and PermissiveException—Closeness of Parent-Child Bond*

The parents contend termination was not in the child's best interests "due to the closeness of the bond between parent and child." Their argument implicates two statutory provisions. First, termination must serve the child's best interests. Iowa Code § 232.116(2) (2020). Second, the court may grant a permissive

exception to termination based on the closeness of the parent-child bond. Iowa *Id.* § 232.116(3)(c).

The district court concluded termination was in the child's best interests. On our de novo review, we agree with the court's conclusion. A department social worker case manager testified it would not be safe to have the child returned to the care of his parents. She opined that the parents would be unable to meet his physical, mental, and emotional needs and that the original adjudicatory harm continued to exist. *See id.* § 232.116(2) (giving "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child"). The case manager noted the mother was not participating in substance-abuse treatment, despite recommendations for inpatient treatment, and the mother "admitted" her "last use" of methamphetamine was approximately one month before the termination hearing. She failed to follow through with mental-health therapy and was charged with crimes that carried prison sentences of up to five years if she was found guilty. The father similarly was not "consistent" in his involvement with reunification services. He failed to engage in substance-abuse treatment and declined to appear for several drug tests. He was in and out of jail in the year preceding the termination hearing, and he admitted to drug use the day before his most recent incarceration. The parents' ongoing drug use and their refusal to engage in treatment precluded a safe return of the child to their custody.

Turning to the parental bond with the child, the case manager acknowledged the mother was "very attentive and nurturing to" the child during visits. However, she appeared to be "under the influence" during some visits and

there were "some concerns just in regards to her addressing [the child's] behaviors during visits." The mother also was "inconsistent with attending" visits. She failed to confirm or was late to fourteen of the "approximately 20 visits" offered during the reporting period preceding the termination hearing. As for the father, he too was "bonded" with the child. The case manager explained that the child called him "Dada," the father was "attentive to him" during visits, and "the bond [was] . . . reciprocated." Notwithstanding this evidence of a parent-child bond, the case manager recommended termination of parental rights. On our de novo review, we agree with the recommendation, given the parents' lack of progress towards sobriety and the likelihood that their illicit drug use would compromise the child's safety.

## II.    Placement Decision

The father argues the district court "erred in placing the child in the home of a non-relative family when multiple family members of the child have expressed interest in caring for the child and have begun the vetting processes with DHS." The father's argument is inconsistent with the position he took in the district court. There, the court noted that both parents advocated for placement of the child with a non-relative. The court addressed the request as follows: "The parents also request that the court place the child in the custody of Stacy . . . . [She] currently has custody of an older sibling . . . , and has recently been approved to adopt that child. Stacy . . . is not a relative." The father is foreclosed from changing his argument on appeal. *See Clark v. Est. of Rice ex. rel. Rice*, 653 N.W.2d 166, 172 (Iowa 2002) (foreclosing party from "chang[ing] []his theory"). Additionally, a final placement decision had yet to be made. The case manager recommended the

child remain in his current placement "until . . . other possible placement options are able to be looked into further."

### III.    *Additional Time*

The district court stated the father's "prognosis indicates that the child could not be returned to his custody within a reasonable period of time."  The father contends the district court erred in determining the "child cannot be returned to him in the near future, and that if granted additional time, [he] could achieve the permanency goal of reunification with the child."  Although the father putatively challenges a ground for termination, in substance, his argument is solely a challenge to the denial of his request for more time to achieve reunification.  *See* Iowa Code § 232.104(2)(b).

As discussed, the father failed to seek drug treatment, only sporadically participated in other services, and was in and out of jail.  At the termination hearing, his attorney reported that the father "want[ed] to complete the requested services as soon as possible, and he fe[lt] that additional time granted to him would serve him well to be able to get those things completed."  But he squandered the time he was given.  On our de novo review, we conclude the district court appropriately denied the father's request for additional time.

**AFFIRMED ON BOTH APPEALS.**